# Exhibit A

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07412-S2**

**10/12/2021 4:07 PM**

TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LATOSHA LOVELACE | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO.   21-C-07412-S2 |
| | ) | |
| AT HOME STORES, LLC | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT TO HOLD DEFENDANT ACCOUNTABLE FOR HARM CAUSED

**COMES NOW,** PLAINTIFF **LATOSHA LOVELACE (hereafter "Lovelace")** in the above-styled action files this **COMPLAINT** against DEFENDANT **AT HOME STORES, LLC. (hereafter "At Home")** doing business in Georgia, and will show unto the Court the following particulars, to wit:

### PRELIMINARY STATEMENT

This is a civil action brought by Plaintiff Lovelace for serious injuries, harms, and losses Defendant At Home caused Lovelace to suffer resulting from At Home's negligence. Lovelace alleges At Home is responsible for the tortious actions of its employees, pursuant to O.C.G.A. § 51-2-1, and under the doctrine of respondeat superior which resulted in the injuries to Lovelace.

Lovelace was injured on or about October 17, 2019, at the At Home located at 5000 Mt. Zion Parkway, Stockbridge, GA 30281. At the direction of an At Home's employee, Lovelace was in the rear of the store in an area designated for shipping and receiving of inventory. At Home employees created a dangerous condition when they stacked boxes of merchandise around a dangerous and harmful railing which would have otherwise been visible to Lovelace. While proceeding towards the loading area Lovelace tripped and fell over a steel railing hidden by boxes of merchandise. But for At Home employees' tortious acts Lovelace would not have suffered harm. As a result, of Lovelace fall she sustained physical and emotional injuries. At Home's negligence, which resulted in Lovelace's injuries, is the subject of this suit.

~ 1 ~

## SUBJECT MATTER JURISDICTION

1.

This Court has subject matter jurisdiction of this action pursuant to O.C.G.A. § 15-7-4.

## PERSONAL JURISDICTION

2.

Defendant At Home Stores, LLC., a foreign limited liability company, authorized to transact business in the State of Georgia, with a principal office address of 1600 East Plano Parkway, Plano, TX 75074. Pursuant to O.C.G.A. § 9-10-91(1) At Home is subject to the jurisdiction of this Court. The tortious action occurred at the At Home local store located at 5000 Mt. Zion Parkway, Stockbridge, GA 30281.

## VENUE

3.

Venue is proper over the Defendant, At Home pursuant to O.C.G.A. § 14-2-510(b)(1) by virtue of At Home business transactions within the State and whose register agent for service of process is Corporation Service Company at 2 Sun Court Suite 400, Peachtree Corners, GA, 30092, registered agent's office in Gwinnett County.

4.

Once At Home is served with Complaint and Summons, Defendant will be subject to the jurisdiction of this Court.

5.

Lovelace is a resident of the state of Georgia.

## THE OPERATIVE FACTS

6.

Plaintiff reasserts and re-alleges paragraphs 1-5, above as though they were fully set forth herein.

7.

Lovelace was at the At Home located at 5000 Mt. Zion Parkway, Stockbridge, Georgia 30281 at the time of injury.

8.

At all times herein, At Home owned, operated, controlled, and managed the At Home retail store located at 5000 Mt Zion Parkway, Stockbridge, Georgia 30281.

9.

On or about October 17, 2019, Lovelace was seriously injured due to the negligence of At Home employee(s).

10.

Lovelace was in the rear of the store where she tripped and fell over a steel railing concealed by boxes of merchandise.

11.

Lovelace injuries were created by the negligent acts of At Home's employee(s) placement of the boxes concealed the railing, which created the dangerous condition.

12.

Lovelace immediately reported the fall and an At Home incident report was completed.

13.

As a result of At Home's negligence, Lovelace suffered physical injuries and emotional distress.

14.

Lovelace sought medical treatment for her injuries.

15.

As a result of At Home's negligence, Lovelace suffered physical and emotional pain and suffering which were directly and proximately caused by At Home employees' tortious acts.

16.

At all times relevant, At Home employees were either acting individually and/or on each other's behalf and/or by and through their/its duly authorized agents, administrators, servants, workmen, bailees, and/or employees, all of whom were acting in the course and scope of their/its employment and in furtherance of At Home's businesses and affairs.

## COUNT I
## ORDINARY NEGLIGENCE IN VIOLATION OF ITS DUTY OF CARE

17.

Lovelace re-alleges each and every foregoing paragraph set forth above and incorporates the same by reference as though fully set forth at length herein.

18.

Pursuant to O.C.G.A. §51-3-1, At Home owed a duty to exercise ordinary care to Lovelace and is liable in damages for injuries caused by failure to exercise ordinary care in keeping the premises and approaches safe.

19.

At Home breached its duty to exercise ordinary care when it failed to keep the premises and approaches safe causing substantial injury to Lovelace's person.

20.

At Employee and At Home dereliction of their duty owed to Lovelace to keep the premises safe was the direct and proximate cause of the above-referenced injuries Lovelace sustained to her person and her mental state.

21.

At Home breach was foreseeable, and Lovelace's injuries were the type of injuries that the duty was meant to protect.

22.

At Home employees' breach of the duty of ordinary care is imputed to At Home because they are vicariously liable for their employee's tortious acts.

23.

At Home is liable to Lovelace as it is the direct and proximate cause of Lovelace's physical and emotional injuries, general and special damages by virtue of its negligent acts and omissions.

## DAMAGES

24.

Lovelace re-alleges each and every foregoing paragraph set forth above and incorporates the same by reference as though fully set forth at length herein.

25.

Lovelace suffered an impact resulting in physical and emotional injuries caused by At Home's negligent conduct and, as such, is entitled to damages.

26.

As a result of At Home's negligence, Lovelace is entitled to recover for the injuries sustained, pain and suffering, the costs of past and future care and treatment, and all other elements of damages as allowed under the laws of the State of Georgia, including special damages, compensatory damages, consequential damages, and economic damages.

27.

Lovelace demands judgment in an amount to fully compensate her for her conscious pain and suffering and expenses and such other relief to which she may be entitled, in law or in equity.

28.

Because At Home's actions evidenced a species of bad faith and have caused Lovelace undue expense, Lovelace is entitled to recover her necessary expenses of litigation, including an award of reasonable attorney's fees and expenses required by this action. (O.C.G.A. § 13-6-11). Furthermore, Lovelace is entitled to all expenses of litigation and attorney's fees pursuant to all other Georgia statutory and common laws.

## SPECIAL DAMAGES

29.

Lovelace re-alleges each and every foregoing paragraph set forth above and incorporates the same by reference as though fully set forth at length herein.

30.

Lovelace re-alleges following special damages for past and future injuries.

| | |
|---|---|
| Radiology Assoc of Atlanta P.A. | $56.00 |
| Select Physical Therapy | $2,287.50 |
| Peachtree Orthopedics Clinic, P.A. | $2,382.00 |
| Piedmont Henry Hospital | $3,567.00 |
| Inphynet Primary Care Physicians SE | (To Be Supplemented) |
| Lost Wages | (To Be Supplemented) |

Plaintiff reserves the right to add additional special damages.

**WHEREFORE**, Plaintiff prays:

a) That Defendant At Home be served with summons, process and a copy of this Complaint as provided by law;
b) That Plaintiff Lovelace be granted a trial by jury as to all triable issues in this cause;
c) That Defendant At Home be held jointly and severally liable pursuant to O.C.G.A. § 51-12-31.
d) That Plaintiff Lovelace obtains judgment against the Defendant At Home for special, general, and compensatory damages as determined at trial, as well as costs of litigation and expenses;
e) That Plaintiff Lovelace be awarded litigation expenses to the full extent allowed by O.C.G.A § 13-6-11; and
f) For such other and further relief as this Court deems just and equitable under all circumstances alleged and contained herein.

This 11th day of October 2021.

Respectfully submitted,

_/s/ Cllb_

M. Cordele Rolle, Esq.
Georgia Bar No. 521133
**Attorney for Plaintiff**

**THE CORDELE FIRM, INC.**
5815 Live Oak Pkwy.
Suite A
Norcross, Georgia 30093
Phone: 770.808.0062
Fax: 404.393.5900
Phone: 404.454.6454
Email: cordele@cordelefirm.com

Case 1:21-cv-04875-SEG   Document 1-1   Filed 11/29/21   Page 8 of 20

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-07412-S2**
**10/12/2021 4:07 PM**
**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| LATOSHA LOVELACE | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO.  21-C-07412-S2 |
| | ) | |
| AT HOME STORES, LLC | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFF DEMAND FOR TRIAL BY A JURY OF TWELVE**

NOW COMES Plaintiff LATOSHA LOVELACE**,** (hereinafter "Lovelace") in accordance with O.C.G.A. § 15-12-122, and demands a trial by a jury of 12 jurors selected as provided by law with respect to all issues in this action which are subject trial by a jury. Plaintiff makes this demand in writing prior to the commencement of the trial term and shows that the claim for damages in this action is greater than $25,000.

This 11th day of October, 2021.

                                                  Respectfully submitted,
                                                  **THE CORDELE FIRM, INC.**

                                                  _____
                                                  M. Cordele Rolle, Esq.
                                                  Georgia Bar No. 521133
                                                  Attorney for Plaintiff

5815 Live Oak Pkwy.
Suite A
Norcross, GA 30093
cordele@cordelefirm.com
Phone: 770.807.0062
Fax:    404.393.5900
Phone: 404.454.6454

Copy from re:SearchGA

E-FILED IN OFFICE - RJ
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-07412-S2**
10/12/2021 4:07 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| LATOSHA LOVELACE | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | FILE NO. 21-C-07412-S2 |
| | ) | |
| AT HOME STORES, LLC | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| | ) | |

### SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

M. Cordele Rolle, Esq.
Georgia Bar No. 521133
5815 Live Oak Pkwy.  |  Suite A  |  Norcross, GA 30093
Phone: 770.807.0062  |  Direct: 404.454.6454  |  Fax: 404.393.5900
Email: cordele@cordelefirm.com

an answer to the Complaint, which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

13th day of October, 2021

Tiana P. Garner
Clerk of Superior Court

This _____th day of _____, 2020.

By: _____
Deputy Clerk

Print Form

SHERIFF'S ENTRY OF SERVICE

Civil Action No. 21-C-07412-S2

Superior Court ☐
State Court ☒
Juvenile Court ☐
Magistrate Court ☐
Probate Court ☐

Date Filed _____

Georgia, Gwinnett COUNTY

Attorney's Address

M. Cordele Rolle, Esq.

5855 Live Oak Pkwy. • Suite D

Norcross, GA 30093

Latosha Lovelace
_____ Plaintiff

VS.

AT HOME STORES LLC

Name and Address of Party to Served

At Home Stores LLC C/O Corporation

Service Company @ 2 Sun Court Suite 400

Peachtree Corners, GA, 30092

_____ Defendant

_____ Defendant

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS**
☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION**
☒ Served the defendant _At Home Stores LLC C/o_____ a corporation
by leaving a copy of the within action and summons with _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
☐ Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _29_ day of _OCT_, 20_21_.

_Sgt Collins_
DEPUTY

CLERK'S COPY

Copy from re:SearchGA

# Gwinnett County Sheriff's Office
## Cover Sheet



**Sheriff #:** 21030404

**Person Served:** AT HOME STORES LLC
2 SUN COURT
SUITE 400
PEACHTREE CORNERS GA 30092
PHONE:

**Process Information:**

| | |
|---|---|
| Date Received: | 10/27/2021 |
| Assigned Zone: | 30092 |
| Expiration Date: | |
| Paper Types: | Summons COMPLAINT TO HOLD DEFENDANT ACCOUNTABLE FOR HARM CAUSED |
| Notes/Alerts: | |

Court Case #: 21-C-07412-S2
Hearing Date:

**Notes:**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

LATOSHA LOVELACE,

    Plaintiff,

v.

AT HOME STORES, LLC,

    Defendant.

Civil Action File No: 21-C-07412-S2

## DEFENSES AND ANSWER OF DEFENDANT

COMES NOW At Home Stores LLC, (incorrectly named as "At Home Stores, LLC" and hereinafter "this Defendant"), Defendant in the above-styled civil action, and responds with these Defenses and Answer to Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused as follows:

### FIRST DEFENSE

Plaintiff's Complaint may fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

No alleged act or omission on the part of this Defendant supports a claim against this Defendant pursuant to O.C.G.A. § 13-6-11.

### THIRD DEFENSE

This Defendant breached no duty of care to Plaintiff.

### FOURTH DEFENSE

No alleged breach of any duty by this Defendant was the proximate cause of Plaintiff's alleged damages.

**FIFTH DEFENSE**

This Defendant shows that, even if it breached some duty to the Plaintiff (which it denies), there intervened between such alleged breach of duty by this Defendant and the alleged damage to Plaintiff, the unforeseen acts or omissions of other persons or entities such that any claim against this Defendant is barred.

**SIXTH DEFENSE**

Defendant raises defenses based on Plaintiff's own contributory and/or comparative negligence.

**SEVENTH DEFENSE**

Plaintiff, by the exercise of ordinary care, could have avoided the consequences of any alleged act or alleged failure to act by Defendant.

**EIGHTH DEFENSE**

Plaintiff's claims against Defendant may be barred by Georgia's workers compensation law and the exclusive remedy doctrine.

**NINTH DEFENSE**

Defendant was Plaintiff's statutory employer at the time of this alleged accident and Plaintiff's claim is barred by the exclusive remedy doctrine.

**TENTH DEFENSE**

Defendant raises the defenses available pursuant to O.C.G.A. § 51-12-33.

**ELEVENTH DEFENSE**

This Defendant responds to the numbered paragraphs of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused as follows:

## PRELIMINARY STATEMENT

This Defendant denies the allegations contained in the Preliminary Statement of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused.

## SUBJECT MATTER JURISDICTION

1.

This Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused.

## PERSONAL JURISDICTION

2.

In response to Paragraph 2 this Defendant admits that it is a foreign limited liability company authorized to transact business in Georgia with its principal office in Texas. Defendant denies the remaining allegations in Paragraph 2 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused.

## VENUE

3.

In response to Paragraph 3 this Defendant admits that venue is proper in the State Court of Gwinnett County based on the location of its registered agent, but denies any liability in this matter and therefore denies the remaining allegations in Paragraph 3 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused.

4.

This Defendant admits that it was potentially subject to the jurisdiction of the State Court of Gwinnett County, but has removed this case to federal court and therefore denies the

remaining allegations of Paragraph 4 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused as pled.

5.

This Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused.

### **THE OPERATIVE FACTS**

6.

This Defendant reincorporates and realleges its responses to Paragraphs 1-5 as if fully restated herein.

7.

This Defendant admits the allegations contained in Paragraph 7 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused.

8.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused and, therefore, can neither admit nor deny same.

9.

This Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused.

10.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused and, therefore, can neither admit nor deny same.

11.

This Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused.

12.

In response to Paragraph 12 this Defendant admits that Plaintiff reported her fall and that an incident report was prepared. This Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused and, therefore, can neither admit nor deny same.

13.

The allegations contained in Paragraph 13 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused are denied.

14.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused and, therefore, can neither admit nor deny same.

15.

The allegations contained in Paragraph 15 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused are denied.

16.

This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused and, therefore, can neither admit nor deny same.

## COUNT I

## ORDINARY NEGLIGENCE IN VIOLATION OF ITS DUTY OF CARE

17.

This Defendant reincorporates and realleges its responses to Paragraphs 1-16 as if fully restated herein.

18.

The allegations contained in Paragraph 18 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused are denied as pled.

19.

The allegations contained in Paragraph 19 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused are denied.

20.

The allegations contained in Paragraph 20 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused are denied.

21.

The allegations contained in Paragraph 21 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused are denied.

22.

The allegations contained in Paragraph 22 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused are denied.

23.

The allegations contained in Paragraph 23 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused are denied.

## **DAMAGES**

24.

This Defendant reincorporates and realleges its responses to Paragraphs 1-23 as if fully restated herein.

25.

This Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused.

26.

This Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused.

27.

This Defendant denies any liability in this matter, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused and, therefore, can neither admit nor deny same.

28.

This Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused.

## **SPECIAL DAMAGES**

29.

This Defendant reincorporates and realleges its responses to Paragraphs 1-28 as if fully restated herein.

30.

This Defendant denies any liability in this matter, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of Plaintiff's Complaint to Hold Defendant Accountable for Harm Caused and, therefore, can neither admit nor deny same.

31.

This Defendant denies that Plaintiff is entitled to the relief sought in subsections (c) through (f) of the WHEREFORE portion of the Plaintiff's Complaint.

32.

Any allegations of the Complaint to Hold Defendant Accountable for Harm Caused not heretofore responded to are denied.

WHEREFORE, having fully answered, this Defendant prays for judgment in its favor.

**THIS DEFENDANT DEMANDS TRIAL BY JURY ON ANY ISSUES THAT REQUIRE JURY DETERMINATION.**

Respectfully submitted this 29th day of November, 2021.

DREW ECKL & FARNHAM, LLP

*/s/ Stevan A. Miller*
Stevan A. Miller
*Georgia Bar No. 508375*

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: millers@deflaw.com
*Attorneys for Defendant*

12083831/1
15253-218180

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

LATOSHA LOVELACE,

    Plaintiff,

v.

AT HOME STORES, LLC,

    Defendant.

Civil Action File No: 21-C-07412-S2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am counsel for Defendant, and that I have this day served a copy of the forgoing *Defenses and Answer of Defendant* upon all parties to this matter by filing with the Court's Odyssey eFileGA system, which will automatically deliver electronic notification to the following counsel of record:

    M. Cordele Roelle
    The Cordele Firm, Inc.
    5815 Live Oak Pkwy.
    Suite A
    Norcross, Georgia 30093

This 29th day of November, 2021.

    */s/ Stevan A. Miller*
    Stevan A. Miller
    ***Georgia Bar No. 508375***

303 Peachtree St. NE, Suite 3500
Atlanta, Georgia 30308
Telephone: (404) 885-1400
Facsimile: (404) 876-0992
E-mail: millers@deflaw.com
***Attorneys for Defendant***

12083831/1
15253-218180